UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL BERNARD BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-00319-JRG-HBG |
| | ) | |
| MICHAEL HOLLOWAY, TONY PARKER, SHAUN PHILLIPS, GARY HAMBY, JACKIE RATHER, BRANDON ROBINSON, TIMOTHY BALL, ROGER MASON, MICHAEL PRITCHARD, ANTHONY GIBSON, and MICHAEL PARRISH, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

Plaintiff, a prisoner of the Tennessee Department of Correction, has filed an amended pro se complaint for violation of his civil rights pursuant to 42 U.S.C. § 1983 setting forth claims regarding his placement in a prison program which he alleges violated his constitutional rights [Doc. 6] that the Court must screen pursuant to the Prison Litigation Reform Act ("PLRA"). For the reasons set forth below, this action will be **DISMISSED** as the complaint fails to state a claim upon which relief may be granted as to any Defendant.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983; *Polk Cty. v. Dodson*, 454 U.S. 312, 315 (1981).

## II. ALLEGATIONS OF THE AMENDED COMPLAINT

On October 31, 2015, Defendant Holloway had Plaintiff placed in the "Security Management Unit" ("SMU"), which is a federally-funded program for "close custody" inmates or inmates that have "documented disruptive behavior or [are] actively involved in 'STG' activity like assault, significant criminal activity, strong-arming, . . . [or] introduction of contraband" [Doc. 6 at 3–4]. Defendant Holloway placed Plaintiff in this program in retaliation for Plaintiff filing grievances against staff members at a separate prison at which Defendant Holloway was the Warden [*Id.* at 4]. Also, Defendant Parker approved Plaintiff's placement in the SMU program without investigating whether Plaintiff qualified for it, which he did not [*Id.*]. Also, Defendant Phillips never answered Plaintiff's letter or appeal regarding this placement [*Id.* at 4–5].

Further, Defendants Hamby and Rather told Plaintiff to stop complaining about the SMU program because they would not take him out of it, and when Plaintiff stated on December 6, 2015,

2

that he would not be in the program if it was not federally funded and the jail was not making money from it, these Defendants responded that Plaintiff was "not that dumb after all" [*Id.* at 5]. Also, after Defendants Robinson, Ball, Mason, and Pritchard found out that Plaintiff has bipolar disorder and intermittent explosive disorder in 2016, they began "constantly" making Plaintiff upset and filing "bogus" disciplinary charges against him so that they could keep phasing Plaintiff back into the program [*Id.*]. Subsequently, on May 27, 2018, Defendant Gibson told Plaintiff that he never should have been placed in the SMU, but that he would go ahead and give Plaintiff a SMU certificate [*Id.*]. Lastly, the Warden who took Defendant Phillips's place told Plaintiff that he would not put his or the prison's name on Plaintiff's SMU certificate, which is normally done in accordance with SMU policy, and Plaintiff did not have to sign a behavioral contract when he received his SMU certificate, which everyone else has to do [*Id.* at 6].

### III. ANALYSIS

#### A. Defendants Parker and Phillips

First, Plaintiff's only allegations against Defendant Phillips are that he did not answer the letter or appeal that Plaintiff sent him regarding Plaintiff's placement in the SMU program. However, a prisoner has "no inherent constitutional right to an effective prison grievance procedure." *Argue v. Hofmeyer,* 80 F. App'x 427, 430 (6th Cir. 2003). Further, knowledge of a grievance and failure to remedy the issue therein is not sufficient grounds to hold a supervisory jail official liable under § 1983. *Frazier v. Michigan,* 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that knowledge of a prisoner's

grievance and a failure to respond or remedy the complaint was insufficient to impose liability on supervisory personnel under § 1983).

Also, while Plaintiff alleges that Defendant Parker approved Plaintiff's placement in the SMU program without first investigating it, nothing in the complaint suggests that this omission was deliberate or that Defendant Parker had any reason to know that this placement was improper. Thus, this allegation does not allow the Court to plausibly infer that Defendant Parker's failure to investigate Plaintiff's placement in SMU was anything more than negligence, which is not actionable under § 1983. *See Ahlers v. Schebil*, 188 F.3d 365, 373 (6th Cir. 1999) (holding that allegations of negligence are insufficient to support a § 1983 claim).

Accordingly, the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants Parker and Phillips and they will be **DISMISSED**.

### B. Defendants Robinson, Bell, Mason, and Pritchard

As to Defendants Robinson, Bell, Mason, and Pritchard, Plaintiff alleges that they filed "bogus" disciplinary charges against him after provoking him based upon his mental disabilities and thereby took advantage of Plaintiff's mental illness to keep him in the SMU program. Plaintiff, however, does not set forth any facts from which the Court can plausibly infer that the alleged disciplinary charges violated Plaintiff's constitutional rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief). Moreover, to the extent that Plaintiff alleges that these Defendants harassed or verbally abused him to cause him to incur disciplinary charges, that is not a constitutional violation. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding that allegations of harassment and verbal abuse are insufficient to assert a claim under

the Eighth Amendment).  Accordingly, the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to these Defendants and they will be **DISMISSED**.

### C. Defendant Gibson

Plaintiff's only allegation as to Defendant Gibson is that he told Plaintiff that he never should have been placed in the SMU program, but that he would go ahead and get Plaintiff a certificate.  As these allegations do not allow the Court to plausibly infer that Defendant Gibson violated Plaintiff's constitutional rights in any way, however, the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendant Gibson and he will be **DISMISSED**.

### D. Defendants Holloway, Hamby, and Rather

Lastly, Plaintiff alleges that Defendant Holloway placed him in the SMU program in 2015 in retaliation for Plaintiff filing grievances at a separate prison.  Plaintiff also alleges that on December 6, 2015, Defendants Hamby and Rather told him to stop complaining about the SMU program because they would not take him out of it and implied that Plaintiff's statement that he was only in the SMU program because of federal funding was true.

District courts apply state statutes of limitations § 1983 claims.  *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005).  Tennessee applies a one-year statute of limitations to § 1983 actions.  *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(3).  However, the statute of limitations is tolled during the time in which a prisoner is exhausting his available administrative remedies.  *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000).

Plaintiff signed his original complaint in this matter on August 11, 2019 [Doc. 2 at 3].  In that complaint, Plaintiff stated that he had "had to wait almost 9 month[s] to get a response back on [his] grievance" and that he was therefore "going to use 'nunc pro tunc' now for then on the

5

statute of limitations" [*Id.* at 11].  Even if the Court assumes that this nine-month delay in Plaintiff receiving a response to his grievance adds approximately a year to the statute of limitations for his claims against Defendants Holloway, Hamby, and Rather, however, these claims are still time-barred by nearly two years.

Specifically, as set forth above, Plaintiff alleges that Defendant Holloway placed him in the SMU program on November 1, 2015,[1] and that Defendants Hamby and Rather made their comments regarding this placement on December 6, 2017.  Thus, even if the Court assumes that Plaintiff had two years to file his claims arising out of these occurrences based on Plaintiff's allegation that it took nine months for him to get a response to his grievance, the claims would have had to have been filed by November 1, 2017, or December 6, 2017, respectively, to be timely. As Plaintiff did not file his complaint until nearly two years after that, however, it is apparent from the face of the complaint that these claims are untimely.  Accordingly, the amended complaint fails to state a claim upon which relief may be granted under § 1983 as to Defendants Holloway, Hamby, and Rather and they will be **DISMISSED**.

IV. **CONCLUSION**

Accordingly, for the reasons set forth above, even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983 as to any Defendant. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A).  Also, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. See Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] Nothing in the complaint suggests that Defendant Holloway had any involvement in the SMU program beyond this initial placement.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

So ordered.

ENTER:

                                          s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE